**No. 66706.**—James S. Baker (Imports) Co., Inc., and Ted L. Rausch *v.* United States, protest 60/24072 (San Francisco).

FORD, Judge: The merchandise covered by the protest listed above is described on the invoice as "TE 9 Garden Turf Edgers." The collector of customs classified said merchandise under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed duty thereon at the rate of 19 per centum ad valorem.

Paragraph 397, as modified, *supra*, provides as follows:

Articles or wares not specially provided for, whether partly or wholly manufactured:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Not wholly or in chief value of tin or tin plate:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum * * *_____ 19% ad val.

Plaintiffs herein contend said merchandise to be properly dutiable at the rate of 7½ per centum ad valorem under the provision for "spades" contained in paragraph 373 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which provides as follows:

Shovels, spades, scoops, forks, hoes, rakes, and drainage tools, and parts thereof, composed wholly or in chief value of metal, whether partly or wholly manufactured:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Other_____ 7½% ad val.

The issue thus presented requires determination of the meaning of the *eo nomine* provision for "spades," as this term is used in paragraph 373 of the Tariff Act of 1930, as modified, *supra*.

The common meaning of the term "spades" is a matter of law to be determined by the court. In making this determination, the court may rely on its own understanding of the word or term used, and it may refer to the works of standard lexicographers, scientific authorities, the testimony of witnesses, or such other means as may be available. Any testimony offered as to the common meaning of a statutory term is merely advisory and not binding upon the court. *United States* v. *O. Brager-Larsen*, 36 C.C.P.A. (Customs) 1, C.A.D. 388, and cases cited therein.

A sample of the imported merchandise was received in evidence as plaintiffs' exhibit 1. A floral spade was received in evidence as plaintiff's exhibit 2.

Testimony of Earl E. Bailord, sales manager for the importer herein, was to the effect that the company which employs him imports various types of shovels,

floral spades, ditching spades, drain spades, and garden spades, rakes and hoes, as well as machinists' and carpenters' tools. The witness testified that he is familiar with the imported article and its primary function is to mulch, refine, or turn soil, or to cut weeds; that a secondary use is for the cutting of turf along the edge of a walk or around trees or shrubs; that this is done by exerting pressure against the handle and placing one's foot upon the top of the blade of the imported article; that the top edge of the imported article is bent over to provide a place for exerting pressure with one's foot. The witness then agreed to the following definition from Webster's New International Dictionary, second edition, 1934 edition, unabridged, of the word "spade":

An implement for turning soil, resembling the shovel but heavier and adapted for being pushed into the ground with the foot. Generally the blade is nearly flat and oblong.

The witness further testified that, in his opinion, exhibit 1 is a spade in its primary function; that exhibit 2 is used by applying pressure with one's foot in the upper ridge of the spade, inserting it in the soil, turning the soil, pulverizing it, and mulching it, in a confined area; that the difference in use between plaintiffs' exhibits 1 and 2 is that exhibit 2 is used in a more confined area.

On cross-examination, the witness admitted that the letters TE in the stock number TE 9 stand for turf edger.

It is the position of defendant herein that the provision for spades contained in paragraph 373, *supra*, is an *eo nomine* provision and is not controlled by use. We are in agreement with counsel for defendant that the provision for spades is an *eo nomine* provision. However, we do not believe that use, under certain conditions, may be ignored in an *eo nomine* provision. In the case of *United States* v. *Quon Quon Company*, 46 C.C.P.A. (Customs) 70, C.A.D. 699, our appellate court had before it for determination certain items of merchandise classified under the provision for baskets. The importer therein contended the items were actually parts of furniture. The position of the Government was also to the effect that baskets, being an *eo nomine* provision, the use was immaterial. The court, in that case, held that the use of the article was important, particularly in view of the fact that all the dictionary definitions of the term "basket" included a use.

The second contention of defendant relates to the shape of the involved articles and concludes that the merchandise under consideration does not correspond to the common meaning of the term "spade."

The writer of this opinion is quite familiar with the use of and shape of a turf edger, such as is involved herein. The description of the uses of the article, to cut turf around trees and near sidewalks and mulch around trees and shrubs, given by the witness called on behalf of plaintiffs, corresponds to the writer's experience with similar articles. The court has considered the definition read to plaintiffs, as set forth, *supra*, as well as a number of other definitions and observed the many illustrations of the different types of spades given in said dictionaries.

None of the pictorial representations of spades would seem to depict an article such as is involved herein. Although exhibit 1 may have some of the uses of a spade, it does not, in our opinion, fall within the common meaning of this term.

Exhibit 1 does, however, appear to fall clearly within the definition set forth below of the term "edge iron," found in Webster's New International Dictionary (1949):

A gardener's tool for cutting turf along borders of walks, flower beds, etc.

We are of the opinion that the involved garden edgers are not spades, as claimed by plaintiffs herein. The protest is, accordingly, overruled.

Judgment will be rendered accordingly.